IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 13 B 39186 |
| Verlena P Scott ) | Judge Hon. Schmetterer |
| ) | CHAPTER 13 |
| ) | |
| ) | |
| Verlena P Scott ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ADV. NO. 13 AP 01343 |
| Springleaf Financial Services of Illinois, Inc.) | |
| Defendant. ) | |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. The Parties**

1. The Plaintiff is Verlena P Scott ("Plaintiff").

2. The Defendant is Springleaf Financial Services of Illinois, Inc. ("Defendant").

**B. Factual Background**

1. On or about October 4, 2013, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Plaintiff owns the real estate commonly known as 6525 S. Wolcott Avenue, Chicago, IL 60636.

3. That Household Finance Corporation III holds a first mortgage lien on the real property commonly known as 6525 S. Wolcott Avenue, Chicago, IL 60636, with a secured claim of $147,060.00 pursuant to the Plaintiff's recent credit report.

4. The Defendant holds a second mortgage lien on the real property known as 6525 S. Wolcott Avenue, Chicago, IL 60636. in the approximate amount of $15,571.00 pursuant to the Plaintiff's recent credit report

5. On September 8, 2013, Johnson Appraisals conducted a residential real estate appraisal on the property located at 6525 S. Wolcott Avenue, Chicago, IL 60636. Said appraisal reflects the value of Plaintiff's property to be $36,000.00.

6. The Modified Chapter 13 Plan filed on December 5, 2013, provides that the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $950.00 per month for 36 months.

7. Under the Chapter 13 Plan, general unsecured creditors will be paid 5% of their allowed claims.

8. On December 2, 2013, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 6525 S. Wolcott Avenue, Chicago, IL 60636.

9. That on December 2, 2013, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Certified Mail, postage prepaid to an officer of the Defendant at 601 NW Second Street, Evansville, IN 47708, upon the registered agent at 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

10. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

11. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

12. No evidence has been presented to challenge the property value of $36,000.00.

13. The first secured claim of Household Finance Corporation III in the amount of $147,060.00 exhausts the value and equity in Plaintiff's residence.

14. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

### A. Jurisdiction

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

### B. Argument

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the first secured claim of Household Finance Corporation in the amount of $147,060.00, and the second lien on the property located at 6525 S. Wolcott Avenue, Chicago, IL 60636 in the amount of $15,571.00.

5. That value of Plaintiff's residence is $36,000.00.

6. To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void…" *11 U.S.C. § 506(a) and 1322*. If a debtor's chapter 13 case is dismissed then any lien voided under § 506(d) is reinstated. *11 U.S.C. §349(b)(1)(C)*. Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. §506(d), notwithstanding the anti-modification protection afforded holders of

home mortgages in 11 U.S.C. §1322(b)(2) as implied by Nobelman v. American Savings Bank, 508 U.S. 324 (1993). See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2nd Cir. 2001); McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); Zimmer v. PSB Lending Corp., 313 F.3d 1220 (9th Cir. 2002); and In re Tanner, 217 F.3d 1357 (11th Cir. 2000).

Dated: 1/24/14

Enter:

United States Bankruptcy Judge

JAN 24 2014

Robert J. Semrad & Associates
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625